**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

NUMBERELEVEN, LLC,                                    Civil Action No. 19-cv-8194

                              Plaintiff,

              -against-                                **COMPLAINT**

YANA VIKTOROVNA KUZNETSOVA
a/k/a IANA KUZNIETSOVA, d/b/a
OCHI OUTERWEAR,

                              Defendant(s).
-------------------------------------------------------------X

     Plaintiff NumberEleven, LLC ("Plaintiff" or "NumberEleven"), as and for its claims against Defendant Yana Viktorovna Kuznetsova d/b/a Ochi Outerwear ("Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

     1.     This is an action at law and equity for trademark infringement, injury to business reputation, unfair competition and deceptive trade practices, arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; for injury to business reputation under New York General Business Law § 360-1; and for common law unfair competition. Plaintiff seeks injunctive relief to prevent Defendants from further capitalizing on the goodwill generated in Plaintiff's mark, as well as damages resulting from Defendants' willfully infringing acts.

     2.     Notwithstanding the fact that Defendants have been aware of Plaintiff's rights in and to Plaintiff's mark since December 2017, Defendants are offering for sale and selling clothing and apparel under a mark that bears a confusingly similar resemblance to Plaintiff's registered mark. Defendants' clothing and apparel is not manufactured by Plaintiff, nor are Defendants connected to, affiliated with, or authorized to use Plaintiff's trademark. Defendant's activities are likely to

cause confusion and to deceive consumers and the public regarding its source, and dilutes the distinctive quality of Plaintiff's mark.

## JURISDICTION AND VENUE

3.      Plaintiff files this action against Defendants for trademark infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), and related claims of unfair competition under the statutory and common law of the state of New York.

4.      This Court has subject matter jurisdiction over Plaintiff's claim for trademark infringement under 28 U.S.C. §§ 1121(a), 1331, and 1338(a). This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, since those claims are related to and arise out of the same set of facts as Plaintiff's trademark infringement claims.

5.      This Court has personal jurisdiction over Defendants because Defendants conduct business in this judicial District or have distributed products used or consumed within this District in the ordinary course of trade. Defendants' acts have caused substantial confusion and deception among consumers in New York and irreparable injury to Plaintiff's valuable reputation, goodwill, trademark, name and other intellectual property assets in New York.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the property that is the subject of this action is situated in this District and/or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. In addition, while Defendants reside outside of the United States, Defendants' contacts with New York State are sufficient to establish personal jurisdiction in this district.

## THE PARTIES

7.      Plaintiff NumberEleven is a domestic limited liability company having its principal

place of business located at 28 East 10th Street, #3L, New York, New York 10003.

8.      Upon information and belief, Defendant Yana Viktorovna Kuznetsova ("Kuznetsova)" is an individual residing in Ukraine.

9.      Upon information and belief, Defendant Ochi Outerwear is a fictitious business name used by Kuznetsova in connection with her promotion and sale of clothing, including outerwear.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10.     NumberEleven is the owner of the distinctive mark OCCHII (the "OCCHII Mark").

11.     On December 12, 2017, NumberEleven filed an application (the "Application") for the OCCHII Mark with the United States Patent and Trademark office in connection with *dresses, shirts, tunics, blouses, T-shirts, Tank tops, coats, jackets, denims, trousers, skirts, scarves, shawls, caps being headwear, namely, dresses, shirts, tunics, tank tops, skirts, scarves, turtlenecks, pullovers, and socks*. On June 11, 2019, the Application matured to a registration (*See* U.S. Reg. No. 5,776,538, the "Registration Certificate"). A copy of Plaintiff's Registration Certificate is attached as **Exhibit A**.

12.     NumberEleven has continuously used the OCCHII Mark in U.S. commerce in connection with clothing since at least June 2018. The OCCHII Mark is a variant of the words "Occhi" and "Ochi," and loosely translates to the word "eyes" in several languages, including Russian, Ukrainian and Italian.

13.     NumberEleven has consistently used and promoted the OCCHII Mark such that it is closely identified with Plaintiff's goods. For example, NumberEleven has extensively promoted the OCCHII Mark and clothing bearing the OCCHII Mark on the website www.occhii.com, as well as on social media, including Instagram and Facebook. The OCCHII Mark and clothing bearing the

3

OCCHII   Mark   have   also   been   advertised   and   sold   on   the   e-commerce   website https://www.elkel.nyc.

14.    As a result of NumberEleven's hard work and significant investment in the quality of its goods, Plaintiff's brand has continued to grow in prosperity, respect and recognition. In particular, the OCCHII Mark and goods advertised and sold under the OCCHII Mark have gained significant recognition among several well-recognized press outlets throughout the United States, having received coverage from such sources as Vogue.com, WWD.com, *Vogue Italia*, Elle.com, iFashionnetwork.com, Flaunt.com, *T: The New York Times* Style Magazine and *Paper* magazine.

15.    Upon information and belief, Kuznetsova founded Defendant Ochi Outerwear in 2016, in Ukraine.

16.    Upon information and belief, since its founding, Ochi Outerwear has released collections comprised of coats and jackets, dresses and suiting separates.

17.    Upon information and belief, since its founding, Ochi Outerwear has been sold in brick and mortar stores solely located in the Ukraine.

18.    Upon information and belief, Kuznetsova advertises and promotes clothing and apparel sold under the Ochi Outerwear brand on the website, www.ochiouterwear.com (the "Website").  Upon information and belief, Defendants did not integrate a shopping cart into the Website until on or about August 2019.  Prior to that date, consumers were unable to purchase goods from the Website.

19.    Upon information and belief, until approximately August 2019, Kuznetsova's SS2019 collection was sold in the United States exclusively via the luxury fashion e-commerce website Net-A-Porter.com.  Upon information and belief, Net-A-Porter.com did not start offering Ochi Outerwear for sale until on or about February 2019.

20.     Defendants' mark OCHI was not used in the United States before December 12, 2017.

21.     Upon information and belief, Defendants did not offer Ochi Outerwear for sale in the United States until February 2019, more than a year after Plaintiff filed its Application and well after Plaintiff's first date of use in commerce.

22.     Plaintiff has repeatedly notified Defendants of its ownership and exclusive rights to the OCCHII Mark, and has further requested that Defendants cease and desist from using the confusingly similar mark OCHI in connection with clothing. For example, on June 5, 2019, Plaintiff sent a cease and desist letter to Defendants in Ukraine, demanding that Defendants "immediately and permanently cease and all use of the mark "OCHI" or any variation thereof in connection with clothing or the sale of clothing in and to the United States." After Defendants retained counsel in Ukraine, Plaintiff's counsel sent a second letter to Defendants' counsel reiterating Plaintiff's request that Defendants "cease all use of the mark OCHI in the United States."

23.     In response, Defendants have willfully ignored Plaintiff's requests and continue to use the mark OCHI in connection with the promotion and sale of clothing in the United States. Copies of Plaintiff's letters to Defendants requesting that they immediately cease and desist use of the mark OCHI in connection with clothing, along with their response, are attached as **Exhibit B**.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement)

24.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

25.     Plaintiff's OCCHII Mark is nationally-recognized, including within this judicial district, with being associated with clothing developed by Plaintiff.

26.     The registration embodying Plaintiff's OCCHII Mark is in full force and effect.

27.     Defendants' use of the mark OCHI is without Plaintiff's permission or authority and is in total disregard of Plaintiff's right to control its mark.

28.     Defendants have infringed Plaintiff's OCCHII Mark in interstate commerce through various acts, such as the selling, offering for sale, promotion and advertising of products, namely clothing, bearing the confusingly similar mark OCHI.

29.     In addition, Defendants are offering for sale and selling the same goods offered for sale and sold by Plaintiff in United States commerce.

30.     Defendants' infringing activities are without permission or authority of Plaintiff, are likely to lead to and result in confusion or mistake, or to deceive the consuming public, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

31.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with Plaintiff's trademark, notwithstanding Plaintiff's prior established rights in the registered OCCHII Mark and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. §§ 1057(c); 1072.

32.     Upon information and belief, the aforementioned acts constitute willful and unlawful infringement of the registered OCCHII Mark in violation of federal law, including 15 U.S.C. § 1114.

33.     Defendants have also caused and are likely to continue causing substantial injury to the public by their infringing acts.

34.     As a direct and proximate result of Defendants' willful and unlawful conduct,

Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from further infringing Plaintiff's OCCHII mark.

35.     Plaintiff has no adequate remedy at law.

36.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants form using the mark OCHI in connection with clothing and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of Defendants' infringing acts; and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin)

37.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

38.     Plaintiff has used the OCCHII Mark in interstate commerce in connection with clothing since June 2018.

39.     Defendants' use of the mark OCHI in connection with clothing and apparel constitutes a false designation of origin and a false or misleading description or misrepresentation of fact in interstate commerce which is likely to cause confusion and mistake, and is likely to deceive as to the affiliation, connection and/or association of Defendants with Plaintiff and is likely to mislead consumers to believe that Defendants' products are promoted, offered, sponsored, approved, authorized, licensed, or otherwise associated or connected with Plaintiff.

40.     By reason of the foregoing, the trade and public are likely to be and will continue to be confused, misled or deceived, and Plaintiff has, is now, and will continue to suffer irreparable injury to its goodwill and reputation for which it has no adequate remedy at law.

41.     Upon information and belief, Defendants have intentionally and knowingly adopted and used a name, mark, or false designation of origin likely to cause confusion in the marketplace as to the source, origin, or sponsorship of the goods offered for sale and sold by the Defendants.

42.     By virtue of the foregoing, Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.     Defendants' acts are causing and continue to cause Plaintiff irreparable harm in the nature of loss of control over its reputation and loss of substantial consumer goodwill. The irreparable harm to Plaintiff will continue, without any adequate remedy at law, unless and until Defendants' unlawful conduct is enjoined by this Court.

44.     Upon information and belief, Defendants are continuing to use the mark OCHI in connection with the sale and advertising of clothing and outerwear in the United States, willfully and with knowledge that said mark is false, misleading and deceptive, and with the intent to unfairly compete with Plaintiff.

45.     Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1125(a).

### THIRD CLAIM FOR RELIEF

### (Deceptive Acts and Practices – N.Y. Gen. Bus. Law. § 349)

46.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

47.     Defendants' use of the mark OCHI constitutes an unlawful and deceptive act and practice in connection with the advertising, promotion, marketing, distribution and sale of goods in

New York.

48.     Defendants' actions in misbranding its goods and misleading consumers, have resulted in and will continue to cause confusions and deception of the public in violation of New York General Business Law § 349 *et seq.*

49.     Defendants' wrongful conduct has caused and will continue to cause irreparable harm and injury to Plaintiff. This irreparable harm will continue, without any adequate remedy at law, unless and until Defendants' unlawful conduct is enjoined by this Court.

50.     Upon information and belief, Defendants' deceptive trade practices are willful, intentional and egregious, justifying statutory and treble damages in an amount to be determined at trial, as well as an award of attorneys' fees under New York General Business Law § 349(h).

## FOURTH CLAIM FOR RELIEF
### (Injury to Business Reputation – N.Y. Gen. Bus. Law. § 360-1)

51.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

52.     Due to Plaintiff's activities in advertising and promoting the sale of clothing under the OCCHII Mark, the OCCHII Mark has achieved widespread acceptance and recognition among the consuming public and the trade throughout the United States.

53.     The arbitrary and distinctive OCCHII Mark identifies Plaintiff as the source/origin of the goods on which it is used.

54.     Defendants have caused and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, in violation of New York General Business Law § 360-1.

55.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the mark OCHI, and to recover all damages, including attorneys' fees, that

Plaintiff has sustained or will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

56.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

57.     Defendants' use of the mark OCHI is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff and its business.

58.     Defendants' unauthorized use of the OCHI Mark in interstate commerce and advertising relating to the same constitutes false designation of origin and a false representation that the goods produced and marketed under the mark OCHI are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods when, in fact, they do not.

59.     Defendants' activities have caused, and unless enjoined by this Court, will continue to cause, a likelihood of confusion and deception of members of the trade and public, and additionally, injury to Plaintiff's goodwill and reputation.

60.     Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and goodwill established in the OCCHII Mark. Defendants' conduct is willful, wanton, and egregious.

61.     Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they

are enjoined by this Court.

62.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the mark OCHI, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above, in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff NumberEleven respectfully prays that this Court enter judgment in its favor and against Defendants Yana Viktorovna Kuznetsova and Ochi Outerwear as follows:

A.     Defendants, their agents, servants, employees, officers, associates, attorneys and all persons acting by, through or in concert with any of them, are hereby temporarily, preliminarily and permanently enjoined from using the mark OCHI anywhere in the United States in connection with clothing or apparel, including but not limited to:

(a) committing any other act which falsely represents or which has the effect of falsely representing that Defendants' goods are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff; and

(b) unfairly competing with Plaintiff.

B.     Awarding actual damages suffered by Plaintiff as a result of Defendants' acts;

C.     Ordering an accounting and disgorgement by Defendants of all gains, profits and advantages derived from their wrongful acts pursuant to 15 U.S.C. § 1117(a);

D.      Awarding Plaintiff of all Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

E.      Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

F.      Awarding applicable interest, costs, disbursement and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

G.      Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1117(c);

H.      Awarding Plaintiff punitive damages in connection with its claims under the law of New York State and common law; and

I.      Awarding Plaintiff such other and further relief as the Court deems to be just and proper.

Dated: New York, New York
         September 3, 2019

                                    Respectfully submitted,

                                    **DUNNINGTON BARTHOLOW & MILLER
                                    LLP**


                                    By: /s Olivera Medenica
                                         Olivera Medenica
                                         Kamanta C. Kettle
                                    230 Park Avenue, 21st Floor
                                    New York, New York 10169
                                    Tel: (212) 682-8811
                                    omedenica@dunnington.com
                                    kkettle@dunnington.com

                                    *Attorneys for Plaintiff NumberEleven, LLC*

<u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a

trial by jury of all claims in this litigation.

Dated: New York, New York
      September 3, 2019

                        Respectfully submitted,

                        **DUNNINGTON BARTHOLOW & MILLER LLP**

                        By: <u>/s Olivera Medenica</u>
                            Olivera Medenica
                            Kamanta C. Kettle
                        230 Park Avenue, 21st Floor
                        New York, New York 10169
                        Tel: (212) 682-8811
                        omedenica@dunnington.com
                        kkettle@dunnington.com

                        *Attorneys for Plaintiff NumberEleven, LLC*